IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
THOMAS S. SHADDIX, BAR NO. 7905

No. 84263

FILED

AUG 04 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

*ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court revoke attorney Thomas S. Shaddix's disciplinary probation and impose the stayed six-month-and-one-day suspension based on his failure to comply with probation conditions. Shaddix has filed a brief challenging the panel's recommendation, the State Bar has filed a response, and Shaddix has filed a reply.

On May 14, 2021, this court approved Shaddix's conditional guilty plea and imposed a stayed six-month-and-one-day suspension subject to an 18-month probationary period for violating RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.15 (safekeeping property), RPC 5.3 (responsibilities regarding non-lawyer assistants), and RPC 8.1 (disciplinary matters). The stayed suspension was conditioned on Shaddix's compliance with probation terms, which included conditions that he obtain a mentor and provide quarterly reports and engage in binding fee dispute resolution with a specified client within 90 days of the May 14 disciplinary order.

22-24419

In the proceedings below, Shaddix admitted that he did not obtain a mentor and did not participate in binding fee dispute arbitration. Despite this, Shaddix argues that we should not impose the stayed suspension for two reasons. First, he argues that the panel chair made a statement before any evidence was presented showing that he already made up his mind regarding the proceeding and which "poison[ed] the well" of the other panel members. But the panel chair made this statement in response to Shaddix's oral request for a continuance of the disciplinary proceedings. As such, we disagree with Shaddix that this statement prejudiced Shaddix or potentially impacted the hearing panel's ultimate recommendation.

Second, Shaddix argues that the panel's recommendation is too harsh under the totality of circumstances. In this, he asserts that he could not find a mentor and insinuates that he did not need one because he was not practicing law and that the fee dispute did not meet the minimum jurisdictional requirements for that program. But Shaddix testified that he still had one active case and that he contacted only three attorneys to act as his mentor. Moreover, he did not even attempt to engage in fee dispute resolution. Under these facts, and considering that Shaddix agreed to the discipline and probation conditions in his conditional guilty plea agreement, we conclude that the stayed suspension should be imposed.[1]

Accordingly, we revoke Shaddix's probation and suspend him for six months and one day commencing from the date of this order. Shaddix shall pay the actual costs of the disciplinary proceedings within 30 days

---

[1]Based on this, we need not address Shaddix's failure to fully pay the costs of the 2021 disciplinary proceeding.

from the date of this order. SCR 120. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

cc: Law Office of Thomas S. Shaddix
Chair, Southern Nevada Disciplinary Board
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court